## Gemberling v. Holmes

*Robert E. Benion,* for plaintiff.
*Harry V. Klein, Jr.,* for defendant.

KREHEL, *P.J.,* November 3, 1981—This matter is before the court upon a petition to dismiss complaint of Wendy C. Gemberling, birth-parent mother of Melissa A. Gemberling (born September 9, 1976), against Thomas Holmes, the alleged birth-parent father. Such civil complaints got their birthright effective June 27, 1978, with the enactment of the Judicial Code, 42 Pa.C.S.A. §6701 et seq. Prior to 1978, the determination of paternity was a criminal proceeding which had to be brought within two years of the birth of the child.

Since the child in this instance was born less than two years prior to June 27, 1978, the question placed before this court on briefs is the applicability of the six-year statute of limitations under 42

Pa.C.S.A. §6704(e). The complaint claiming support for this minor child, born out of wedlock, was not filed until February 2, 1981.

Plaintiff's counsel cites four District and County Report cases to sustain his position for the six-year statute of limitations: Frey v. Kindt, 16 D. & C. 3d 260 (1980); Com. ex rel. Williams v. Wright, 14 D. & C. 3d 75 (1980); Com. ex rel. Cassarella v. Mason, 13 D. & C. 3d 713 (1979); and Com. ex rel. Ebron v. Lee, 13 D. & C. 3d 719 (1979).

Defendant's counsel counters with Weaver v. Smith, 13 D. & C. 3d 108 (1979); Dettrey v. Keckler, 10 D. & C. 3d 610 (1979); and Ohler v. McNatt, No. 112 of 1979, G. D. (1980), to fix his position on the two-year statute of limitations.

Neither of our appellate courts have unleashed an opinion to uphold, or to strike down, either the two-year, or the six-year statute of limitations with reasonable clarity.

Defendant's counsel states that if this court does not dismiss this complaint, then his client would be rendered an "extreme injustice." Plaintiff's counsel could counter that if this court would dismiss this complaint, then his client would suffer a "miscarriage of justice."

Despite the lapse in time since Melissa's birth on September 9, 1976, this matter is still procedural. The complaint reveals that the birth-parent mother is a welfare recipient, $262 monthly, and the alleged birth-parent father is employed.

Under this court's policy, blood tests were ordered, with red cell and HLA Typing performed on the minor child, the birth-parent mother, as well as the alleged birth-parent father. The report from the Baltimore Rh Typing Laboratory of July 22, 1981 concludes:

"On the basis of these tests, Holmes, Thomas, cannot be excluded as the father of Gemberling, Melissa. PATERNITY INDEX= 3975 to 1 PLAUSIBILITY OR PATERNITY= 99.47%"

In lay language, "miscarriage" is an "involuntary abortion," for want of a more succinct definition, and it follows from a fertilized act of intercourse. We cannot lift that lay term into our legal discipline of justice, without some inference of a like act; defendant could yelp that the act happened to him.

Ruling on the procedural matter before us: petition to dismiss complaint, we deny the prayer of the partition. To allow the passage of time beyond a criminal rule limitation of two years does violence to reason when we deal with a child born out of wedlock into a world of people-made statutes of two-years or six-years, criminal or civil. If defendant seeks his day, and his say in court on the merits of the complaint, then so be it. But we hold to the longer time frame, and, accordingly enter the following

## ORDER

And now, November 3, 1981, upon consideration of the within petition, briefs of counsel, and a comprehensive review of the file and records of this matter, the prayer of petitioner, Thomas Holmes, to dismiss the complaint is denied, and trial on the merits to establish paternity is ordered, at the next term of civil court if by jury, or at the earliest time by a judge without a jury, if so stipulated by counsel.